José A. Surís Agrait, recurrente, v. El Registrador de la
Propiedad de San Germán, recurrido.

No. 716.—*Sometido:* Marzo 21, 1928. *Resuelto:* Marzo 26, 1928.

Hipotecas—Pago o Cumplimiento de Condición, Cancelación y Carta de Pago
Cancelación—Inscripción—Dación en Pago.—Cuando el deudor y acree-
dor hipotecario otorgan un documento en el cual ambos hacen constar haber
convenido en la adjudicación al acreedor ciertos condominios en pago de
su crédito y consiguiente cancelación de la hipoteca que lo garantizaba y
cumplimentan tal convenio adjudicando la deudora al acreedor en pago sus
condominios en dos fincas, manifestando el acreedor que cancela la hipoteca
que tenía sobre las fincas hipotecadas, de tal escritura aparece suficiente-
mente la conformidad del acreedor en recibir los expresados condominios
en pago de su crédito, por lo que, el contrato de dación en pago, quedó
perfeccionado y es inscribible.

Nota de *Luis Capó Matres*, R. (San Germán), denegando inscrip-
ción de escritura de venta de condominio (adjudicación en pago)
y cancelación de hipoteca. *Revocada.*

*Nazario & García Méndez*, abogados del recurrente; el registrador
recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.

Doña Monserrate Ortiz y don José A. Surís Agrait com-
parecieron ante un notario y otorgaron escritura pública
en la que después de manifestar la Sra. Ortiz ser dueña
del condominio de una mitad en cada una de las tres fin-
cas que describió bajo las letras A, B y C; que esas tres
fincas están gravadas con una hipoteca para garantizar el
pago de ciertos pagarés y que esos pagarés los posee don
José A. Surís Agrait por haberles sido transferidos por
endoso, los comparecientes expusieron que han liquidado de
mutuo acuerdo la hipoteca que grava esas fincas y que han
convenido los dos la adjudicación en pago de condominios
de la Sra. Ortiz y la consiguiente cancelación de dicha hi-
poteca; y para llevar a efecto ese convenio la Sra. Ortiz
adjudicó en pago y traspasó al otro compareciente Surís
Agrait el condominio de una mitad que le corresponde en
las fincas A y B, siendo el precio de tal adjudicación en pago
el importe de la hipoteca; y manifestó el Sr. Surís Agrait

que cancela la hipoteca dicha por la confusión de derechos en esas dos fincas cuyos condominios le han sido adjudicados por la otra compareciente y que cancela totalmente la hipoteca que grava las tres fincas, consintiendo en que así se haga constar en el registro de la propiedad.

El registrador de la propiedad se negó a inscribir ese documento por lo siguiente:

"DENEGADO el documento que precede, en cuanto a la adjudicación en pago de los condominios de las fincas letras A y B que comprende, y la consiguiente cancelación de hipoteca en dichas fincas, por observarse que de la escritura no consta que el acreedor José A. Surís Agrait haya justificado de una manera clara y terminante su conformidad en recibir en pago de su crédito lo que le ha sido adjudicado, lo que es requisito indispensable para la perfección del contrato de dación en pago, en virtud de lo dispuesto por el Honorable Tribunal Supremo de Puerto Rico en el caso de Méndez v. El Registrador, 7 D.P.R. 478; y DENEGADO asimismo en cuanto a la cancelación de dicho hipoteca sobre la finca letra B por haber quedado pendiente de inscripción a virtud lel defecto insubsanable de que adolece la escritura según antes se expresa, los condominios adjudicados en pago del importe de la hipoteca, así como la cancelación por confusión de derechos solicitada, tomando en su lugar anotación preventiva, etc."

Contra esa negativa ha interpuesto el Sr. Surís este recurso gubernativo con súplica de que la revoquemos y ordenemos la inscripción.

Es cierto que es requisito indispensable para la perfección de un contrato de dación en pago la conformidad del acreedor para recibir en pago de su crédito lo que se le adjudica, como dijo este tribunal en el caso citado por el registrador recurrido, en cuyo caso nada demostraba la conformidad del acreedor pues no intervino en el documento en que se le adjudicó un condominio para pagarle su crédito: pero en el caso presente la conformidad del acreedor en recibir en pago de su crédito los condominios que se le adjudicaron aparece clara y terminante, aunque no ha usado palabras específicas de conformidad con la adjudicación que se le

hace, pues no sólo ha intervenido el acreedor como parte en el documento sino que ambas partes del mismo hicieron constar haber convenido en que fueran adjudicados al acreedor ciertos condominios en pago de su crédito y en la consiguiente cancelación de la hipoteca que lo garantizaba, convenio que cumplimentaron adjudicando la deudora al acreedor en pago de su crédito sus condominios en dos fincas y manifestando, consiguientemente, el acreedor que cancelaba la hipoteca que tenía sobre las tres fincas. Dados los términos de esa escritura entendemos que aparece suficientemente la conformidad del acreedor en recibir los expresados condominios como pago de su crédito, *por lo que la nota recurrida debe ser revocada y ordenarse la inscripción.*